Case 5:25-cv-00093   Document 5   Filed on 11/18/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| FILEMON TORRES SANCHEZ § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-93 |
| § | |
| UNITED STATES CITIZENSHIP § | |
| IMMIGRATION SERVICES *et al.* § | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Petition for Writ of Mandamus (*see* Dkt. No. 4). Plaintiff, proceeding *pro se*, neglected to timely oppose Defendants' motion. For the following reasons, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Petition for Writ of Mandamus (Dkt. No. 4) and **REMANDS** this action to United States Citizenship Services with instructions to render a decision on Plaintiff's naturalization application within **thirty (30) days** of the entry of the Order.

I.   **BACKGROUND**[1]

In 1991, Plaintiff, a Mexican citizen, enlisted in the United States Army Reserve through the Delayed Entry Program (Dkt. Nos. 1 at 4, ¶ 9; 1-3 at 14–15, 45). When Plaintiff entered the armed forces, the nation was in a designated period of hostility marked by the United States's involvement in the Persian Gulf War (Dkt. No. 1 at 4, ¶ 9; 1-3 at 30). Eventually, Plaintiff was honorably discharged (Dkt. Nos.

---

[1] In considering Defendants' Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and views them in Plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581–82 (5th Cir. 2020) (citation omitted). For the Rule 12(b)(1) inquiry, the Court may also consider "the complaint supplemented by undisputed facts evidenced in the record" or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

1 at 4, ¶ 9; 1-3 at 16).

Based on his honorable military service during a period of hostility, Plaintiff applied to United States Citizenship Immigration Services ("USCIS") for naturalization under 8 U.S.C. § 1440 in both 1994 and 2013 (Dkt. No. 1 at 14, ¶ 10). Both applications were stymied (Dkt. No. 1 at 4, ¶ 10). Plaintiff refiled his naturalization application on November 24, 2021 (Dkt. No. 1 at 5, ¶ 11). USCIS interviewed Plaintiff on April 26, 2022, ultimately recommending approval of Plaintiff's application (Dkt. Nos. 1 at 5, ¶ 12; 1-3 at 46). More than three years elapsed without any further action.

At the time Plaintiff initiated this action, his naturalization application was still pending (Dkt. No. 1 at 5, ¶¶ 12–13). He thus sought judicial intervention to compel USCIS to adjudicate his application (*see* Dkt. No. 1). On August 8, 2025, fifty-six days after Plaintiff filed this lawsuit, USCIS denied Plaintiff's application (Dkt. Nos. 1, 4-1). Then, on August 12, 2025, Defendants jointly filed the present motion, asserting that Plaintiff's lawsuit is moot because USCIS has already adjudicated the application (*see* Dkt. No. 4). Plaintiff, who is proceeding *pro se* in this action, did not respond to Defendants' motion.[2] The matter is now ripe for the Court's decision.

## II.   LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal of a suit, arguing the court lacks subject matter jurisdiction. "The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'"

---

[2] Standing alone, Plaintiff's failure to oppose the motion is not grounds to grant it. *See, e.g.*, *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012).

*Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (quoting *Ramming*, 281 F.3d at 161). "The motion should be granted only if it appears certain the plaintiff cannot prove any set of facts that would entitle [them] to recovery." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). If a party invokes both Rules 12(b)(1) and (b)(6), the Court must "start with the jurisdictional challenge before addressing the challenge on the merits." *Fort Bend County v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 188 (5th Cir. 2023) (citing *Ramming*, 281 F.3d at 161).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While courts must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020).

### III.   DISCUSSION

Resting their motion solely on the mootness doctrine,[3] Defendants advance

---

[3] Defendants set forth several legal principles, including mandamus relief generally (*see* Dkt. No. 4 at 5–6). It appears as if Defendants intended to advance a Rule 12(b)(6) argument regarding Plaintiff's petition; however, specifics are cabined to the mootness doctrine under Rule 12(b)(1).

that Plaintiff's mandamus action "is not available to compel action which has already been taken" (Dkt. No. 4 at 6). They claim the August 8, 2025 denial rendered Plaintiff's application moot, divesting the Court of subject matter jurisdiction (Dkt. No. 4 at 2, 5–7). Construing Plaintiff's petition liberally, the Court disagrees and finds that USCIS lacked jurisdiction to adjudicate Plaintiff's application at the time it did. *See Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) ("The filings of a pro se litigant are to be 'liberally construed' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019))).

### A. Construction of Plaintiff's Pleading

Though he framed it as a writ of mandamus and a claim of right under the Administrative Procedure Act ("APA"), at the crux of Plaintiff's complaint lies USCIS's 1,144-day delay[4] to adjudicate his naturalization application (*see generally* Dkt. No. 1). To cure the delay, he asks the Court to compel USCIS to decide his application or "grant further relief as deemed just" (Dkt. No. 1 at 7–8). In so requesting, he cites relevant 8 U.SC. § 1446, which designates the investigatory process for determining naturalization applications (Dkt. No. 1 at 6, ¶ 17). Because the statutory framework plainly bestows Plaintiff recourse, the Court interprets Plaintiff's *pro se* filing as a request for a hearing under 8 U.S.C. § 1447(b). *See Jackson v. Gautreaux*, 3 F.4th 182, 189 (5th Cir. 2021) ("[C]onstruing a request for X

---

[4] The examination process is complete only upon USCIS's interview of the applicant. *Walji v. Gonzales*, 500 F.3d 432, 439 (5th Cir. 2007). Thus, the relevant date began to run once USCIS interviewed Plaintiff on April 26, 2022.

as an implied request for Y—is normally reserved for pro se litigants.").

Indeed, § 1447(b) reads:

> If there is a failure to make a determination **under section 1446** of this title **before the end of the 120-day period after the date on which the examination** is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Importantly, Plaintiff's adequate § 1447(b) remedy would preclude review of his naturalization application under *both* the Mandamus Act and the APA. *See, e.g.*, *Tankoano v. U.S. Citizenship & Immigr. Servs.*, 652 F. Supp. 3d 812, 817–18 (S.D. Tex. 2023) (detailed discussion); *see also Walji*, 500 F.3d at 433–34 (discussing § 1447(b) as remedying delays caused under § 1446 when CIS has conducted an examination but fails to rule on the application within 120 days). That bolsters the Court's interpretation of Plaintiff's pleading as a request for a hearing under § 1447(b), and the Court turns to that issue.

### B. Deprivation of USCIS's Jurisdiction

Once a naturalization applicant pursues a § 1447(b) hearing before the district court, the district court acquires "exclusive jurisdiction over the matter." *Agarwal v. Napolitano*, 663 F. Supp. 2d 528, 532 (W.D. Tex. 2009); *see also Ogunfuye v. Acosta*, 210 F. App'x 364, 366 (5th Cir. 2006) (noting, without expressly deciding, that § 1447(b) "strip[s] the CIS of the ability to deny or approve an application" upon a plaintiff's filing of a suit). This finding is grounded not only in the weight of the authority but also in the statute's text. *Agarwal*, 663 F. Supp. 2d at 532–33 (discussing a clear majority of courts finding § 1447(b) vests the district court with

5

exclusive jurisdiction and underscoring the statute's use of the term "remand"). Any USCIS action taken *after* a § 1447(b) suit is filed is *ultra vires*, and, therefore, is null and void. *See id.* at 534 (purported adjudications of naturalization applications issued during the pendency of a 1447(b) suit are *ultra vires*); *Martinez v. Johnson*, 104 F. Supp. 3d 835, 838 (W.D. Tex. 2015) (denial of an application is void if the alien has filed suit under § 1447(b)).

Here, Plaintiff filed the instant suit on June 13, 2025 (Dkt. No. 1). USCIS issued its denial of Plaintiff's naturalization application on August 8, 2025—fifty-six days *later* (Dkt. No. 4-1). Because the agency lacked jurisdiction on August 8, 2025, its denial of that application is void, and Plaintiff's § 1447(b) action is *not* moot. *Agarwal*, 663 F. Supp. 2d at 534.

Plaintiff has a valid § 1447(b) action, so the Court has two options: (1) conduct a hearing on the merits of Plaintiff's application; *or* (2) remand the case to USCIS to adjudicate Plaintiff's application. § 1447(b) ("Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."). In this regard, the Supreme Court has advised that "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). Under that directive, district courts ordinarily "remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant or deny an application for naturalization." *Bathija v. U.S. Dep't of Homeland Sec.*, No. 3:24-CV-0526-D, 2024 WL 2854271, at *2 (N.D. Tex. June 5, 2024) (quoting *Kaliuzhna v. DHS*, SA-19-cv-01252-OLG, 2019 WL 13136762, at *2

(W.D. Tex. Dec. 17, 2019)); *see also Megahed v. Holder*, No. 8:11-CV-2785-T-27TBM, 2012 WL 920423, at *1 (M.D. Fla. Mar. 19, 2012) ("USCIS is better-equipped to evaluate the information in Plaintiff's application in the first instance and to develop the record."); *Kaliuzhna*, 2019 WL 13136762, at *2 (same).

Although USCIS's delay was egregiously lengthy, the Court will follow suit and remand the action to the agency. In doing so, the Court makes clear that it does not condone the 1,144-day delay; rather, USCIS "has the experience and expertise in making [the initial] assessment—and, more generally, in determining whether an applicant meets all of the various criteria for naturalization." *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 (E.D. Mich. 2006); *see also Kaliuzhna*, 2019 WL 13136762, at *2.

Moreover, remand to the agency does not foreclose Plaintiff's opportunity for judicial or administrative review. If USCIS denies Plaintiff's application, Plaintiff "may request a hearing before an immigration officer." 8 U.S.C. § 1447(a). If that hearing does not alter the outcome, Plaintiff "may seek review of such denial before the United States district court." 8 U.S.C. § 1421(c); *Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007). At that point, Plaintiff would be entitled to *de novo* review of his application. *Kaliuzhna*, 2019 WL 13136762, at *3. The Court's *de novo* review—should it become necessary—"would be considerably aided by an agency analysis and explanation as to why it acted as it did on Plaintiff's application." *Khelifa*, 433 F. Supp. 2d at 844. Therefore, the Court finds that remanding the matter for prompt adjudication is appropriate here.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss Plaintiff's Petition for Writ of

Mandamus (*see* Dkt. No. 4) is **DENIED**. Defendants' denial of Plaintiff's naturalization application (Dkt. No. 4-1) was *ultra vires* and is hereby rendered **NULL** and **VOID**.

This action is **REMANDED** to USCIS to allow it to make an initial determination on Plaintiff's naturalization application. USCIS **must** adjudicate Plaintiff's naturalization application within **thirty (30) days** of the entry of the Order. The parties shall promptly inform the Court upon the adjudication of Plaintiff's application.

**IT IS FURTHER ORDERED** that the Court reserves jurisdiction over this matter as necessary to (1) enforce the above Order; and (2) adjudicate Plaintiff's naturalization application in the first instance in the event Plaintiff's application has not been ruled on within thirty (30) days of the entry of this Order.

It is so **ORDERED**.

**SIGNED** November 18, 2025.

Marina Garcia Marmolejo
United States District Judge